IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAMUEL GILES, #160 014, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:17-CV-647-MHT |
| | )   [WO] |
| DERRICK CUNNINGHAM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Samuel Giles ["Giles"], an inmate incarcerated at the Bibb Correctional Facility in Brent, Alabama, filed this 42 U.S.C. § 1983 on September 21, 2017.[1] He seeks damages and injunctive relief for actions which occurred in 2008 while he was a pre-trial detainee at the Montgomery County Detention Center. According to the complaint, the Sheriff of Montgomery County received a court order directing him to "physically restrain [Giles] and force the jail staff" to force medicate Giles with anti-psychotic medication. Because he was a pre-trial detainee and not a convicted inmate, Giles maintains he could not be forced to take the shot. After being "brutal[ly] restrain[ed]," however, Giles states he was injected with Haldol. Upon review, the court

---

[1] Although the Clerk stamped the complaint "filed" on September 27, 2017, Giles signed his complaint on September 21, 2017. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Giles] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of these proceedings, the court considers September 21, 2017 as the date of filing.

concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

Giles states that "on or around October 2008," while he was a pre-trial detainee at the Montgomery County Detention Facility, Defendant Judge Charles Price entered an order that he be administered ant-psychotic medication. Giles asserts that "on the day in question," several defendant jailers entered his cell, handcuffed him, and escorted him to the infirmary. Giles informed jail medical staff he did not want or need a shot but was told a court order had been issued requiring he be given a shot of haldol and, if necessary, that he be force medicated. After re-iterating that he did not want the shot and requesting he be shown the court order, Giles was restrained and a nurse injected him with a shot of Haldol. After initially being administered the medication, Giles states he was discombobulated and unaware of where he was. At an unspecified time, Giles claims his attorney visited him and "it was told to [him]" that he sat there and did not speak due to the medication. "At another point in court [] which [he] still can't remember," Giles was told he was "completely out of it" because of the medication. Giles' complaint does not allege any other instances of being subjected to forced medication. Doc. 1 at 4–6.

Giles' complaint against county jail staff and Judge Charles Price seeking to challenge matters associated with being force medicated while a pre-trial detainee at the Montgomery County Detention Facility in October 2008 is barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

---

[2] The court granted Giles' request for leave to proceed *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*). Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The conduct about which Giles complains occurred on or around an unspecified time in October 2008, and the facts supporting these claims should have been apparent to him on or around this time period. By its express terms, the tolling provision of Alabama Code § 6-2-8(a) provides no basis for relief to Giles from application of the time bar.[3] Thus, the statute of limitations began to run on the claims arising from the challenged conduct on or around October of 2008. The limitations period for this event ran uninterrupted until it expired on or around October of 2010. Giles filed the instant complaint on September 21, 2017, more than six years after expiration of the applicable limitation period.

The statute of limitations is usually raised as an affirmative defense. In a § 1983 action filed by a plaintiff proceeding *in forma pauperis*, the court may *sua sponte* consider affirmative defenses apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990) ("[I]n an action proceeding under section 1915(d) [—the *in forma pauperis* statute now codified as § 1915(e)(2)(B)(i)—], [a court] may consider, *sua sponte,* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the district court. In so doing, [the court is] following consistently the special treatment given to section 1915(e) suits.").

---

[3] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane...." Alabama Code § 6-2-8(a). The complaint demonstrates Giles was not legally insane at the time of the challenged events so as to warrant tolling under Alabama Code § 6-2-8(a).

3

Consequently, with respect to a complaint filed *in forma pauperis,* "if the district court sees that an affirmative defense would defeat the action, a section 1915(d) dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at 640 n.2 (citing *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1330-1332 (D.C. Oregon 1983)).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." Spears [v. McCotter], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the complaint, Giles has no legal basis on which to proceed regarding his claims against the named defendants because he filed this action over two years after the challenged conduct occurred. As noted, the statutory tolling provision is unavailing. Consequently, the two-year period of limitations applicable to Giles' claims expired prior to his filing of this action. In light of the foregoing, the court concludes the complaint is barred by the statute of limitations and is, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service under 28 U.S.C. § 1915(e)(2)(B)(i) because he failed to file this action within the time prescribed by the applicable statute of limitations.

It is further ORDERED that **on or before November 13, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 27th day of October, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE