IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAMUEL GILES, #160 014, | ) |
| Plaintiff, | ) ) ) |
| v. | )   CIVIL ACTION NO. 2:17-CV-647-MHT |
| | )   [WO] |
| DERRICK CUNNINGHAM, *et al.*, | ) ) |
| Defendants. | ) |

**<u>SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

On October 27, 2017, the undersigned entered a Recommendation that Plaintiff's, Samuel Giles [Giles], complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) due to his failure to file the complaint within the time prescribed by the applicable period of limitation. Doc. 5. Giles filed objections to the Recommendation on December 1, 2017. Doc. 8. Upon thorough review of this pleading, the court concludes the objections are without merit. However, in the interest of justice, the court deems it appropriate to supplement its previous Recommendation in light of the arguments made in Giles' objections.

**I. DISCUSSION**

This § 1983 action concerns a dispute over being force medicated while a pre-trial detainee at the Montgomery County Detention Facility "on or around October 2008." Doc. 1 at 4. The court determined the complaint is due to be dismissed as barred by the limitation period applicable to § 1983 actions. In his objections to the October 27, 2017, Recommendation, Giles argues his lawsuit should not be barred by the statute of limitations because he is entitled to equitable tolling. To support this argument Giles states a federal agency law judge declared him insane, but his attorney abandoned the "insanity theory." Giles notes that even though Taylor Hardin Secure Mental

Facility declared him to be sane, the Honorable Charles Price directed the Montgomery County Sheriff's Department to force medicate him. Being force medicated with an injection of Haldol, Giles asserts, also raises doubt about his competency when the allegations about which he complains occurred sufficient to invoke the tolling provision of Ala. Code § 6-2-8(a). Under § 6-2-8(a), tolling of the limitations period is allowed for an individual who "is, at the time the right accrues . . . insane, . . .[and] shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action." In the October 27, 2017, Recommendation, the court determined that the complaint demonstrated Giles was not legally insane at the time of the challenged events to warrant tolling under Alabama Code § 6-2-8(a). Doc. 5.

For tolling to apply, Giles asserts his "disable position" must have existed when the cause of action accrued. Giles' assertion is correct. Section § 6-2-8(a) considers the existence of the disability when the injury occurs. Further, while Ala. Code § 1-1-1 defines the term "insane" as including "all persons of unsound mind," what constitutes an "unsound mind" has not been clearly defined by courts in Alabama for purposes of tolling the running of the limitations period until the disability has been removed. *Travis v. Ziter*, 681 So.2d 1348, 1352 (Ala. 1996). *But see Alabama Power Co. v. Shaw*, 111 So. 17, 20 (Ala. 1926) (holding that "insanity" in tolling context encompasses temporary unsoundness of the mind and recognizing that the word "signifies any derangement of the mind that deprives it of the power to reason or will intelligently.").

Here, Giles' evidence of a disability at the time of the actions about which he complains derives from an Administrative Law Judge's ["ALJ"] decision dated May 8, 2009, that he is under a disability for the impairments of paranoid schizophrenia and substance abuse which commenced on February 18, 1992. Doc. 8–1. This evidence, while reflective of some mental disability, is not

2

sufficient to establish Giles was "insane" or "of unsound mind" under any definition when his cause of action accrued.[1] Moreover, Giles states he was found competent (sane) to stand trial prior to entry of the order he be force-administered an injection of Haldol. Doc. 8 at 2. Without evidence of incompetency prior to or at the time of the events about which he complains, there is no tolling.

The court's determination that Giles was not under a disability for purposes of tolling the limitation period is further buttressed by taking judicial notice of his criminal proceedings on the Alabama Trial Court System (hosted at www.alacourt.com.) *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the state's] Online Judicial System.") (citing Fed. R. Evid. 201). The proceedings reflect Giles, after undergoing more than one competency evaluation, was found competent to stand trial and that his mental state at the time of the charged offenses (November of 2008) was not impaired by any psychiatric illness.[2] Giles subsequently entered a plea of guilty on March 23, 2011, to seven counts of robbery and one count of felony murder and was sentenced on that date to a concurrent term of thirty–years imprisonment.[3]

---

[1] The ALJ's decision indicated the symptoms experienced by Giles due to his diagnosis of paranoid schizophrenia included auditory hallucinations, feelings of guilt, labile mood, inappropriate affect, suicidal ideation, sleep disturbances, feelings of hopelessness and helplessness, paranoia, decreased energy, concentration difficulties, persistent disturbances of mood, emotional withdrawal, loosening of associations, and illogical thinking. Doc. 8–1 at 2.

[2] Giles criminal case proceedings reflect that the last forensic evaluation he underwent prior to trial occurred at the Taylor Hardin Secure Medical Facility on July 21, 2010, on the order of the Honorable Charles Price. The forensic examiner who conducted Giles' forensic evaluation concluded he was competent to stand trial and that did not meet the criteria for a finding of not guilty by reason of severe mental disease or defect at the time of the alleged offense which occurred on November 5, 2008. *Available at www.alacourts.com.*

[3] Thus, Giles citation to *Dusky v. United States*, 362 U.S. 402 (1960), as support for his contention that he was not competent at the time his cause of action accrued is not helpful. Doc. 8 at 3. In *Dusky,* the court held that the standard regarding a defendant's competency to stand trial is "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding— and whether he has a rational as well as factual understanding of the proceedings against him." *Id.* 362 U.S. at 402 (1960). This same competency standard applies to a defendant who desires to plead guilty rather than stand trial. *Godinez v. Moran*, 509 U.S. 389, 400 n. 11 (1993).

In light of the foregoing, the court finds Giles has failed to demonstrate he may take advantage of Ala. Code § 6–2–8(a)'s tolling provision. Giles' attempt to challenge matters associated with being force medicated in 2008 is, therefore, barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the October 27, 2017, Recommendation of the Magistrate Judge (Doc. 5) be adopted and Plaintiff's objections thereto (Doc. 8) be overruled.

It is further ORDERED that **on or before December 27, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 8th day of December, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE